

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 539 | **DATE** | 3/30/2000 |
| **CASE TITLE** | Pacific Wine Co vs. Peak Wines International et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Ruling held. **ENTER MEMORANDUM OPINION:** Plaintiff's motion (Doc 8-1) to remand is hereby granted, and the case is remanded to the Circuit Court of Cook County. All other pending motion are hereby moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 0 3 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PACIFIC WINE COMPANY, an Illinois corporation,

    Plaintiff,

vs.

PEAK WINES INTERNATIONAL, a California corporation, JIM BEAM BRANDS COMPANY, an Illinois corporation, JIM BEAM BRANDS WORLDWIDE, INC., an Illinois corporation, JEFFREY BRODY; RICHARD B. REESE; PETER M. HICKEY; MICHAEL P. DONOHOE; NATIONAL WINE AND SPIRITS d/b/a UNION LIQUOR COMPANY,

    Defendants.

00 C 539

DOCKETED
APR 03 2000

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Plaintiff Pacific Wine Company's ("Pacific") motion to remand. For the reasons set forth below, the motion is granted.

## BACKGROUND

The case before us is an action originally filed by Pacific in the Circuit Court of Cook County against Jim Beam Brands Company ("Jim Beam"), Jim Beam

Brands Worldwide, Inc., Peak Wines International, Jeffrey Brody, Richard B. Reese, Peter M. Hickey, Michael P. Donohoe, National Wine and Spirits d/b/a Union Liquor Company (collectively "Defendants"). On January 28, 2000, Defendants removed the action to this Court based on its alleged connection to three consolidated cases before Judge Gottschall, all involving a facial challenge to the constitutionality of the Illinois Wine and Spirits Industry Fair Dealing Act, 1999 Public Act 91-2 ("the Act"). See Kendall-Jackson Winery, Ltd. v. Branson, 82 F. Supp. 2d 844 (N.D. Ill. 2000). Pacific presently moves to remand the case to the Circuit Court of Cook County.

The dispute between Jim Beam and Pacific took root soon after Jim Beam's purchase of Geyser Peak Winery ("Geyser"). Having signed an agreement to purchase Geyser, Jim Beam forwarded a letter dated July 31, 1998 to Pacific informing it that Jim Beam would soon be evaluating the distribution system for Geyser products. Following the completion of the deal in August 1998, Jim Beam allegedly began monitoring the performance of its distributors, including Pacific. Jim Beam claims it developed concerns regarding Pacific's performance, and was simultaneously interested in consolidating the distribution of Geyser products with Jim Beam's other Illinois distributor with whom Jim Beam had a long-standing relationship.

In the meantime, the Illinois liquor industry began an intensive lobbying effort for the passage of a bill intended to protect the Illinois liquor industry which later became the Fair Dealing Act. See Ray Long & Ray Gibson, Wirtz Starts 2nd Push for Liquor Bill Wholesale Protection is Goal of Hawks' Boss, Chicago Tribune, March 3, 1999; Christi Parsons, Wirtz's Team Effort Listed Among Lobbyist Records, Chicago Tribune, February 2, 1999. The Act essentially prohibits a liquor supplier from canceling, failing to renew, or otherwise terminating or discriminatorily altering an agreement with a distributor without good cause, and requiring notice in accordance with the statute. Following the passage of the bill in the Illinois House, the Illinois Senate approved the bill on May 14, 1999.

The following Monday, May 17th, Jim Beam notified Pacific that it was ending the relationship between them and utilizing a new distributor for Geyser products. On May 21, 1999, Illinois Governor George Ryan ("Governor Ryan") signed the Act which immediately took effect.

Shortly thereafter, Pacific filed a petition for relief under the Act with the Illinois Liquor Control Commission ("the Commission"), in which it alleged that Jim Beam terminated its distributorship on May 17, 1999 merely to avoid having to comply with the Act. Following the issuance of the Commission's preliminary order

requiring Jim Beam to abstain from terminating Pacific's distributorship of Geyser Products, Jim Beam filed suit in Federal Court challenging the constitutionality of the Act.

Pacific filed the instant lawsuit in the Circuit Court of Cook County. In its seven count complaint, Pacific seeks monetary, declaratory, and equitable relief for breach of contract, fraud, equitable estoppel, unjust enrichment, and tortious interference with a contract. None of its claims are predicated upon a violation of the Fair Dealing Act. Jim Beam subsequently removed the action to this Court, and Pacific moved to remand the case to state court.

## DISCUSSION

The allegations of Pacific's complaint involve conduct of the defendants predating the effective date of the Fair Dealing Act. Under the Illinois Constitution, legislation that has received majority votes in both chambers of the Illinois General Assembly is considered "passed." See Mulligan v. Joliet Regional Port Dist., 527 N.E.2d 1264, 1270-71 (Ill. App. Ct. 1988). A bill "becomes a law" when it is signed by the Governor of Illinois following passage by both Houses of the General Assembly. See Smith v. Thomas, 147 N.E. 788, 790 (Ill. App. Ct. 1925); Todd v. Smith, 642 N.E.2d 878 (Ill. App. Ct. 1994); Ill. Const. Art. 4, §9.

The date a law becomes effective need not be the same date a bill "becomes a law." See City of Springfield v. Allphin, 384 N.E.2d 310 (Ill. App. Ct. 1978); see also Ill. Const. Art. 4, §10. Rather, "[t]he General Assembly shall provide by law for a uniform effective date for laws passed prior to June 1 of a calendar year. The General Assembly may provide for a different effective date in any law passed prior to June 1." Ill. Const. Art. 4, §10. Persons and entities are not required to comply with a statute until after the effective date of an Act when it becomes operative as a law. See Smith, 147 N.E.2d at 790; Todd, 642 N.E.2d at 702-03.

The actions of Jim Beam contained in Pacific's state complaint occurred on May 17, 1999, when Jim Beam ended Pacific's distributorship. On that date the Act had been "passed," but did not become law until Governor Ryan signed the Act on May 21, 1999. As a result, when Jim Beam terminated Pacific's distributorship of Geyser wine products on May 17, 1999, the Act was unsigned and unenforceable, Jim Beam was not obligated to comply with its requirements, and as pointed out above, Pacific's causes of action are not predicated upon any alleged violations of the Fair Dealing Act. The Act can only apply to agreements that are in effect after the Act acquires the force of law, see Todd, 642 N.E.2d at 702-03, which in this case was May 24, 1999. Because Jim Beam ended its distribution relationship with

Pacific prior to May 24, 1999, the Act has no bearing on whether Jim Beam breached any alleged contract with Pacific. It is therefore irrelevant in this case whether the Act was or was not constitutional.

Jim Beam next argues that Pacific's state action constitutes a compulsory counterclaim which should have been brought as a counterclaim in the federal action. Federal law does not impose a formalistic test to determine whether suits are sufficiently related so as to equate one suit a compulsory counterclaim of the other. See Burlington Northern Railroad Co. v. Strong, 907 F.2d 707, 711 (7th Cir. 1990). Rather, courts should consider "the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." Id.

While Pacific's state action may share several facts with Jim Beam's federal suit, the state action is of peripheral concern and is insufficiently related to the federal action. Jim Beam sought declaratory relief that the Act was unconstitutional. In contrast, Pacific's state case arises from events occurring when the Act had not even been signed, and thus was not enforceable. See Todd, 642 N.E.2d at 702-03. As we said before, Pacific does not seek relief under the Act.

We believe that the cases are different, seek recovery for divergent matters, and involve dissimilar areas of law. Therefore, we hold that the cases are

insufficiently related [1] so as to sanction the removal of the state action to federal court and grant Pacific's motion to remand this case to the Circuit Court of Cook County.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand is hereby granted, and the case is remanded to the Circuit Court of Cook County.

*[signature]*

Charles P. Kocoras
United States District Judge

Dated: __March 30, 2000__

---

[1] Likewise, we do not have supplemental jurisdiction over the state action.